Magistrate Judge S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Israel Valencia ESPINOZA,<br><br>Defendant. | CASE NO.      MJ24-513<br><br>COMPLAINT for VIOLATION<br><br>Title 18, United States Code,<br>Section 922(g)(1) |

BEFORE, S. Kate Vaughan, United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**(Unlawful Possession of Ammunition)**

On or about May 9, 2024, in King County, within the Western District of Washington, ISRAEL ESPINOZA, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

*Murder in the First Degree and Unlawful Possession of a Firearm in the First Degree*, in Yakima County Superior Court, Washington, dated on or about November 13, 1996, under case number 96-1-00884-8;

Complaint - 1
*United States v.* Espinoza / MJ

did knowingly possess, in and affecting interstate and foreign commerce, ammunition, that is: .22 caliber ammunition, 30-30 caliber ammunition, and .223 caliber ammunition, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this Complaint is based on the following information:

I, Zachery Seymour, being first duly sworn on oath, depose and say:

**Affiant Background**

1. I am a Special Agent with the Drug Enforcement Administration (DEA). I was hired on by the DEA in January 2021. I am currently assigned to DEA Group D-22/Valley Narcotics Enforcement Team (VNET). I am an "investigator" or "law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1). I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 620 hours of training and gained experience in the operations of drug trafficking organizations, methods of importation and exportation, distribution, smuggling of controlled substances, sources, and methods of financial/money laundering investigations. I have investigated drug trafficking organizations who have distributed controlled substances, fentanyl, heroin, methamphetamine, cocaine, and marijuana.

2. In my role as a DEA Special Agent, I have participated in narcotics investigations involving heroin, cocaine, fentanyl, and methamphetamine. These investigations resulted in the arrest of drug traffickers, the seizure of illicit narcotics, and forfeiture of drug related assets. Due to my training and experience, I have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, conceal, and distribute controlled substances.

3. My duty assignment includes investigating violations of federal and state-controlled substance laws. My law enforcement experience includes assisting numerous

Complaint - 2
*United States v.* Espinoza / MJ

investigations of drug trafficking organizations. As a result, I understand how drugs are distributed and the various roles played by individuals and groups in the distribution.

4.     When this Affidavit refers to identification documents, either I or other agents involved in the investigation have reviewed the relevant driver license or similar records maintained by DOL or the equivalent agencies in other states.  When I refer to the criminal history of a subject, either I or other agents involved in the investigation have reviewed the available criminal history from state or federal agencies.  When I refer to beliefs or suspicions held by investigators, these beliefs or suspicions are based upon training and experience.

5.     When providing summaries of calls, text messages, events, and surveillance observations/operations, all the times listed are approximate.

6.     This affidavit is made based upon my personal knowledge, training, experience and investigation, as well as upon information provided to me and my review of reports prepared by other law enforcement personnel.  This affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

**Summary of Investigation**

7.     In November of 2023, the Valley Narcotics Enforcement Team began investigating ISRAEL ESPINOZA for drug trafficking after a confidential source (CS)[1] informed law enforcement that he had twice purchased cocaine from a person later identified as ESPINOZA. After a series of four controlled buys during which the CS purchased cocaine from ESPINOZA, I, Special Agent Zachery Seymour, obtained a state search warrant on May 2, 2024, for ESPINOZA's three-bedroom, two-bathroom single family home with an RV parked next to the main residence located at 25 2nd Ave S Algona, WA, and a white 2016 Toyota Scion bearing WA/CGK0384.

---

[1] The confidential source possesses numerous criminal convictions and drug related arrests within the past 30 years in three different states: Washington, Florida, and Illinois. The CS was most recently arrested in March 18, 2021 for a misdemeanor driving offense Auburn, Washington. The CS has convictions for check fraud and robbery in Florida from approximately 20 years ago.

Complaint - 3
*United States v.* Espinoza / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.      On May 9, 2024, members of the Washington State Patrol (WSP) SWAT team, members of the Valley Narcotics Enforcement Team, and DEA Group D-21 executed the search warrant. At approximately 11:07 a.m., the Washington State Patrol SWAT Team made telephonic contact with ESPINOZA and instructed him to exit his residence. ESPINOZA did not exit his residence immediately, but rather remained on the phone with investigators offering excuses for his delay, including that he needed time to dress, get a drink of water, and secure his dogs. These delayed may have afforded him sufficient time to hide or destroy evidence.

9.      ESPINOZA subsequently exited his residence and was placed under arrest at approximately 11:20 a.m. After he was read his *Miranda* rights, he declined to provide a statement and requested an attorney. Victor Ballestros-Garcia, who resided on the property in an RV next to ESPINOZA's house was also detained and read his Miranda rights. He subsequently identified ESPINOZA's bedroom as the back bedroom, identified as Room 7, during the search.

10.     During the execution of the search warrant, investigators recovered three firearms and assorted ammunition from throughout ESPINOZA's residence:

- A silver P89 Ruger 9mm pistol, was found in the bathroom inside a bucket under the bathroom sink. The Ruger was secured with a paddle holster.

- A 9mm pistol magazine and two pistol magazines were found in the hallway bathroom inside a bucket under the bathroom sink with the Ruger pistol.

- In a cluttered spare bedroom next to ESPINOZA's bedroom, investigators found two rifles hidden from view. A Diamondback, Model DB15, 5.56 caliber rifle was found behind the bedroom door underneath clothing and a lever-action Winchester, Model 94, 30-30 caliber rifle was found behind the door inside a rifle case buried beneath clothing.

- In ESPINOZA's bedroom investigators located mail with his name on it along with other items of dominion and control. Inside his nightstand drawer, investigators found two rifle magazines loaded with green tipped rifle rounds,

Complaint - 4
*United States v.* Espinoza / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

an AR-15 rifle scope, a silver pistol magazine containing .22 ammo, a 9mm handgun cleaning kit, and 30-30 ammunition. Investigators also found 9mm bullets under his bed.

11.    During the search, Customs and Border Protection (CBP) K9 Officer, Kris Johnson, deployed her K9, Remi, inside the residence. Remi alerted inside the bathroom inside ESPINOZA's bedroom. However, no controlled substances were located in the bathroom.

12.    On or about May 9, 2024, TFO Mike Afalava of the Kent Police Department was advised by Kent Police dispatch that the Diamondback, Model DB15, 5.56 caliber rifle had been reported stolen on June 13, 2021.

13.    The firearms were subsequently sent to AFIS lab for fingerprint analysis. However, on May 17, 2024, date, I learned that no prints of value were found on the firearms.

14.    Other items of evidence, including a 5.56 magazine with rounds, a .22 caliber magazine, and a 9 mm pistol magazine, were sent to the AFIS lab for fingerprint analysis. Although no prints of value were located on these items of evidence, they were swabbed for DNA evidence and preserved for subsequent analysis.

15.    Although this Complaint alleges only the offense of Unlawful Possession of Ammunition, ESPINOZA remains under investigation relating to the seized firearms. Among other things, the government anticipates seeking a search warrant authorizing the collection of a DNA reference sample from ESPINOZA to compare with the above-referenced swabs collected from the seized firearms.

### **Criminal History**

16.    I have reviewed ESPINOZA's criminal history and determined that he has felony convictions punishable by imprisonment for a term exceeding one year, each of which would federally prohibit him from possessing firearms:

*Murder in the First Degree and Unlawful Possession of a Firearm in the First Degree*, in Yakima County Superior Court, Washington, dated on or about November 13, 1996, under case number 96-1-00884-8.

Complaint - 5
*United States v.* Espinoza / MJ

17.     According to the Judgment and Sentence entered in the 96-1-00884-8 case, ESPINOZA was sentenced on November 15, 1996, to 360 months in prison.

### Interstate Nexus Examination of the Firearms

18.     The firearms and ammunition seized from ESPINOZA's residence was subsequently examined by Special Agent Kit Radosevich, a certified ATF Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture.

19.     On July 26, 2024, Special Agent Radosevich conducted an examination of the Diamondback, Model DB15, 5.56 caliber rifle, the Winchester Model 94, 30-30 caliber rifle, and the Ruger, Model P89, 9mm pistol. SA Radosevich determined that none of these firearms were manufactured in the State of Washington. Based upon her training, experience, and knowledge, it is her opinion that each of these firearms meet the definition of a firearm under Title 18, United States Code, Section 921(a)(3). It is also her opinion that because none of the above-listed firearms were manufactured in the State of Washington, each of the firearms therefore must have traveled in interstate commerce if it was received or possessed in the State of Washington.

### Interstate Nexus Examination of the Ammunition

20.     Special Agent Radosevich also conducted an examination of the ammunition found in ESPINOZA's bedroom, including two rounds of 30-30 caliber ammunition, multiple rounds of .223 caliber ammunition, and .22 caliber ammunition.

21.     Based upon her training, experience, and knowledge, it is her opinion that the ammunition examined meets the definition of ammunition under Title 18, United States Code, Section 921(a)(17)(A). It is also her opinion that, because the above-listed ammunition was not manufactured in the State of Washington, it therefore must have traveled in interstate commerce if it was received or possessed in the State of Washington.

//

Complaint - 6
*United States v.* Espinoza / MJ

## Conclusion

21.    Based on the above facts, I respectfully submit that there is probable cause to believe that Israel ESPINOZA committed the offense of being a Felon in Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

Zachery Seymour, Complainant
Special Agent
Drug Enforcement Administration

Based on the Complaint and Affidavit sworn to me by telephone on this 21st day of August, 2024, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 21st day of August 2024.

S. Kate Vaughan
United States Magistrate Judge

Complaint - 7
*United States v.* Espinoza / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970