Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

_October 9_ 20_24_
Ravi Subramanian, Clerk
By_____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. **CR 24 - 177 RSM** |
| Plaintiff, | |
| v. | **INDICTMENT** |
| ISRAEL V. ESPINOZA, | |
| Defendant. | |

The Grand Jury charges that:

## COUNT 1

### (Unlawful Possession of Ammunition)

On or about May 9, 2024, in King County, within the Western District of Washington, ISRAEL V. ESPINOZA, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

*Murder in the First Degree and Unlawful Possession of a Firearm in the First Degree,* in Yakima County Superior Court, Washington, on or about November 13, 1996, under case number 96-1-00884-8;

Indictment - 1
*United States v. Espinoza*
USAO No. 2024R00694

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

did knowingly possess, in and affecting interstate and foreign commerce, ammunition, that is: .22 caliber ammunition, 30-30 caliber ammunition, and .223 caliber ammunition, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.  Upon conviction of the offense alleged in Count 1, ISRAEL V. ESPINOZA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition that were involved in the offense.

//

//

//

//

Indictment - 2
*United States v. Espinoza*
USAO No. 2024R00694

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or,

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL: *yes*

DATED: 10/9/2024

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

_____

FOREPERSON

_____

TESSA M. GORMAN
United States Attorney

_____

TODD GREENBERG
Assistant United States Attorney

_____

CELIA A. LEE
Assistant United States Attorney

Indictment - 3
*United States v. Espinoza*
USAO No. 2024R00694

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970